UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS EVENSON, | ) | CIV. 14-5018-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| JEFF W. DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before this court is plaintiff's petition for a writ of mandamus requesting this court compel Seventh Judicial Circuit Court Judge Jeff W. Davis to permit Mr. Evenson to file a writ of habeas corpus in state court. (Docket 1). Mr. Evenson also filed a motion to proceed *in forma pauperis*. (Docket 3).

Section 1915(a)(1) of Title 28 of the United States Code directs the court to authorize the commencement of a civil action without prepayment of fees upon proof of plaintiff's inability to pay. 28 U.S.C. § 1915(a)(1). In his declaration, Mr. Evenson indicates he is currently incarcerated and has no income. (Docket 3). Mr. Evenson did not file a certified copy of his trust account statement as required by 28 U.S.C. § 1915(a)(2).

Proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915. That statute provides:

> Notwithstanding any filing fee, . . . the court shall dismiss the case at any time if the court determines that --
>
> . . .

>> (B) the action or appeal --
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Subsection (e)(2) allows the court *sua sponte* to review a complaint filed with an *in forma pauperis* application to determine if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant or defendants who are immune from such relief. Id. Thus, the court is required to screen a *pro se* complaint as soon as practicable and to dismiss those which are frivolous or fail to state a claim for relief.

Fed. R. Civ. P. 81(b) abolished the writ of mandamus in civil actions in federal district courts. See Fed. R. Civ. P. 81(b); Booker v. State of Arkansas, 380 F.2d 240, 242 (8th Cir. 1967) (abrogated on other grounds, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973)). The Mandamus Act provides that "[t]he district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This court has no authority under the act to compel action by state officers, including state judicial officers. See Veneri v. Circuit Court of Gasconade County, 528 F. Supp. 496, 498 (E.D. Mo. 1981) ("[I]t is well settled

that federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."). Mr. Everson's petition fails to state a claim upon which relief can be granted. Accordingly, it is hereby

ORDERED that plaintiff's petition for a writ of mandamus (Docket 1) is denied.

IT IS FURTHER ORDERED that plaintiff's motion to proceed *in forma pauperis* (Docket 3) is denied as moot.

Dated May 6, 2014.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                CHIEF JUDGE